**UNITED STATES of America**

v.

**Robert Norman LATTIMORE.**

**Crim. No. 4–91–17.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 17, 1991.

Margaret Burns, Asst. U.S. Atty., Minneapolis, Minn., for U.S.

Arthur Martinez, Minneapolis, Minn., for Robert Norman Lattimore.

## SENTENCING MEMORANDUM AND STATEMENT OF REASONS

ROSENBAUM, District Judge.

I. *Findings of Fact*

There being no objection to the factual statements contained in the PSI, the Court adopts these statements as its findings of fact.

II. *Application of Guidelines to Facts*

The Court determines the applicable guidelines to be:

A) Total Offense Level: 28
B) Criminal History Category: I
C) Guideline Sentence: 78–97 months
D) Supervised Release: 4–5 years
E) Fine: $12,500 to $2,000,000, plus costs of imprisonment or supervised release
F) Restitution: Not Applicable
G) Special Assessment: $50

III. *Imposition of Sentence*

For the reasons set forth below, the Court finds it proper to depart from the presumptive guidelines table, and imposes the following sentence.

Robert Norman Lattimore has been charged in Count I with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

Based upon the plea of guilty, it is considered and adjudged that the defendant is guilty of that offense.

Therefore, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 72 months. Defendant shall be given credit for the time he has served prior to sentencing.

The Court recommends a Federal Correctional Institution or a jail type facility in the State of Minnesota as the place for service of the sentence.

Further, it is ordered that the defendant serve a supervised release term of four years, during which the defendant shall:

1) comply with all federal, state, and local laws;

2) comply with all rules and regulations of the probation office;

3) abide by the standard conditions of supervised release as recommended by the sentencing commission;

4) not possess any firearms or other dangerous weapons;

5) submit to periodic drug testing and participate in substance abuse treatment and aftercare as directed by the probation office.

Further, it is ordered that the defendant pay a special assessment fee of $50, due immediately.

No fine is imposed, as the defendant is without ability to pay.

Restitution is not applicable.

## IV. *Surrender*

The Court finds that the defendant is not a candidate for voluntary surrender. Defendant shall be permitted to remain at Reentry West until his reporting date for service of sentence.

## V. *Appeal*

The defendant has a right to appeal from this sentence within ten days. Failure to appeal within the ten-day period shall be a waiver of right to appeal. The government may file an appeal from this sentence. The defendant is also entitled to assistance of counsel in taking an appeal, and if the defendant is unable to afford a lawyer, one will be provided.

## VI. *Statement of Reasons*

While the Court has found that the guidelines were correctly applied in calculating defendant's presumptive sentence, the Court has departed from the presumptive sentence. Under 18 U.S.C. § 3553(b), courts may depart from a presumptive sentence when they find "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b).

Here, the Court finds that the Sentencing Guideline Commission has failed to adequately consider the impact of mandatory minimum sentences on guideline calculations. In § 5G1.1, the Guidelines direct that where a statutory maximum sentence is lower than the guideline range, the statutory maximum "shall be the guideline sentence." Similarly, where a statutory minimum sentence is greater than the guideline range, the statutory minimum "shall be the guideline sentence." In other words, statutory maximum and minimum sentences serve to expand the guideline sentencing range, in these two specific situations. In "any other case," according to § 5G1.1, the sentence may be imposed "at any point within the applicable guideline range," as long as the sentence is not greater than a statutory maximum or less than a statutory minimum.

The Guidelines do not specifically distinguish defendant's situation, where the statutory minimum is less than the guideline range. The statutory minimum sentence is 60 months. Defendant's guideline range is 78–97 months. 21 U.S.C. § 841(b)(1)(B). In this Court's view, the statutory minimum is Congress's own clear expression of the minimum penalty for a particular offense. The Court, however, finds no recitation in the guidelines reflecting the Commission's consideration of this fact. Accordingly, the Court will depart from the presumptive sentence by incorporating the statutory minimum. Thus, the Court finds the appropriate sentencing range to be 60–97 months.

The Court has imposed a sentence of 72 months for the following reasons. The Court, first, finds that a sentence of 60 months is appropriate for defendant's drug offense. While defendant now stands convicted of a serious felony, his prior criminal history consists of a single juvenile offense of no severity. The Court, next, finds that an additional 12 months is appropriate for his possession of a weapon during the commission of the offense. Under Guideline § 2D1.1(b)(1), a two-level adjustment is made for possession of a dangerous weapon. According to the sentencing table, a two-level adjustment from a sentence of 60 months adds approximately twelve months.

The Court's departure will not have a significant impact on the number of months this defendant will serve, as the Court has no power to depart below the statutory minimum. By establishing statutory minimums, Congress has certainly limited a Court's sentencing discretion. The mandatory minimum in this case has been invoked because the case involves crack cocaine. Congress has the unquestionable authority to penalize crack cocaine at 100 times the comparable weight of cocaine. *United States v. Buckner*, 894 F.2d 975 (8th Cir.1990). Yet, this Court is mindful of the recent statements contained in the 1991 Special Report to Congress by the United States Sentencing Commission where it was noted that "[t]he difference ... across race appears to have increased since 1984. This difference develops between 1986 and 1988, after implementation of mandatory minimum drug provisions, and remains constant thereafter." *See Mandatory Minimum Penalties in the Federal Criminal Justice System*, United States Sentencing Commission, August 1991, at 82. The chairman of the United States Sentencing Commission, William W. Wilkins, himself, has observed that "The commission's research shows that increased reliance on mandatory minimum-sentencing statutes may reintroduce much of the disparity that the Congress created the Sentencing Commission to reduce," *Mandatory Prison Terms Increase Disparity They Were Designed To Reduce, Report Says*, Minneapolis Star Tribune, Aug. 23, 1991, at 18A.

The Court recognizes that the obvious purpose of mandatory minimum penalties is to ensure consistent and substantial penalties for drug offenses. Yet, the Court must also recognize its obligation to "impose a sentence sufficient, but not greater than necessary" to promote respect for the law, deter criminal conduct, protect the public, and provide defendants with needed training or treatment. 18 U.S.C. § 3553(a). For the reasons listed above, the Court has no difficulty finding that the sentence imposed adequately reflects the gravity of defendant's offense and meets the statutory objectives for sentencing.